**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

WEB MANAGEMENT, INC.,

                Plaintiff,

v.                                        CIVIL ACTION NO. 6:09-cv-01285

SPARKLE POOL COMPANY, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Scottsdale Insurance Company's ("Scottsdale") Motion to Dismiss Complaint [Docket 4], filed on December 8, 2009. Under the pertinent local rule, the plaintiff had fourteen days—until December 22—to file a response. S.D. W. Va. Local Rule 7.1(a)(7). No response, however, was filed. As explained below, the Motion is **GRANTED**.

**I. Background**

      **A. Facts**

WEB Management, Inc. ("WEB"), is a management company located in Parkersburg, West Virginia. It operates the Marlinton Motor Inn (the "Motor Inn"), a hotel located in Marlinton, West Virginia. WEB alleges that it contracted with defendant Sparkle Pool Company, Inc. ("Sparkle"), also a West Virginia corporation, to build a pool at the Motor Inn (the "pool"). WEB asserts that Sparkle subcontracted defendants Garber Concrete Work ("Garber"), Moore's Ready Mix ("Moore's"), M&M Concrete Pumping ("M&M"), Horizon Spa & Pool Parts, Inc. ("Horizon"),

Emsco Distributors ("Emsco"), and Family Fun Corp. ("Family Fun") to construct the pool (collectively, the "subcontractor defendants"). All of the subcontractor defendants are West Virginia corporations. After WEB paid Sparkle $139,905 "and expended other sums of money associated with the construction of the pool," WEB contends that it "has been left with a pool that is unusable." (Compl. ¶¶ 20, 21.)

### B. Procedural History

On November 3, 2009, WEB filed a complaint in the Circuit Court of Wood County, West Virginia. The Complaint lodges several counts against Sparkle, the subcontractor defendants, as well as Sparkle's insurer Scottsdale Insurance Company ("Scottsdale"). Five counts in the Complaint assert state law causes of action against Sparkle and the subcontractor defendants: breach of contract (Count Two); breach of express warranty (Count Three); breach of implied warranty (Count Four); failure to perform in a workmanlike manner (Count Five); and failure to follow code or law (Count Six). Count Eight asserts a federal cause of action against Sparkle and Family Fun, which states that Sparkle and Family Fun improperly used pictures of the pool "in advertising brochures and internet advertisements" and "violated applicable federal law regarding patent, trademark, or copyright infringement." (*Id.* ¶ 42.)

The Complaint asserts only one claim against Scottsdale. Count Seven claims that Sparkle "has a contract of insurance" with Scottsdale, that WEB "filed a claim for losses associated with the pool," and that Scottsdale "illegally and unlawfully denied the claim for insurance coverage without just cause" and in bad faith. (*Id.* ¶¶ 36-39.)

On November 25, 2009, without objection by its co-defendants, Scottsdale removed the case to federal court. Scottsdale based its Notice of Removal on 28 U.S.C. § 1338(a), which provides

that federal courts have exclusive jurisdiction over cases "relating to patents, . . . copyrights and trademarks." Scottsdale asserts that Count Eight satisfies § 1338(a) and provides a basis for federal jurisdiction.

Soon after removing the case to federal court, Scottsdale filed the Motion to Dismiss on December 8, 2009. By the Motion to Dismiss, Scottsdale contends that the claim against it in Count seven should be construed as a claim for unfair claim settlement practices under West Virginia law. But, because WEB was not a party to the insurance contract between Sparkle and Scottsdale, Scottsdale maintains that WEB's claim is precluded by West Virginia law.

The court possesses subject matter jurisdiction over the claims in Count Eight pursuant to 28 U.S.C. § 1338(a), and the balance of the plaintiff's claims pursuant to 28 U.S.C. § 1367.

**II. Motion to Dismiss Standard**

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing the sufficiency of a complaint must "take the facts in the light most favorable to the plaintiff," but "need not accept legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (internal quotation marks omitted). Upon reviewing those facts, the court must determine whether the stated claims "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Furthermore, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano*, 521 F.3d at 302 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* at 555.

## III. Discussion

### A. Count Seven Must be Dismissed

Count Seven asserts that Sparkle had an insurance contract with Scottsdale, that WEB "filed a claim for losses associated with the pool" with Scottsdale, and that Scottsdale "illegally and unlawfully denied the claim for insurance coverage without just cause" and "acted in bad faith." (Compl. ¶¶ 36-39.) In its Motion to Dismiss, Scottsdale contends that this claim—although it is neither labeled nor identified as such—should be construed as a claim for unfair claim settlement practice, as defined by West Virginia Code section 33-11-4(9)(b). And, Scottsdale maintains, because WEB is a third party to the insurance contract between WEB and Scottsdale, Count Seven is precluded by West Virginia law and must be dismissed. I agree.

West Virginia Code section 33-11-4(9) provides fifteen definitions for an "unfair claim settlement practice," including, *inter alia*, misrepresenting facts, failing to act promptly, refusing to pay claims without a reasonable investigation, failing to affirm or deny coverage within a reasonable time, and failing to settle claims after liability has become clear. W. Va. Code §§ 33-11-4(9)(a)-(o). The claim in Count Seven clearly falls within this statutory cause of action.

In West Virginia, however, a third party to an insurance contract may not assert a private cause of action for unfair claim settlement practice. W. Va. Code § 33-11-4a ("A third-party claimant's sole remedy against a person for an unfair claims settlement practice or the bad faith settlement of a claim is the filing of an administrative complaint with [the state insurance

commissioner]."). Here, WEB is not a party to the insurance contract between Sparkle and Scottsdale—it is a third-party claimant. As such, WEB's only recourse against Scottsdale is to file an administrative complaint with the West Virginia insurance commissioner. Because West Virginia law precludes legal relief by a third-party claimant to an insurance contract, Count Seven must be **DISMISSED**.

### B. Count Eight

The court is considering dismissing Count Eight of the Complaint *sua sponte*. That count alleges that Family Fun and Sparkle "used photographs of the pool . . . in advertising brochures and internet advertisements—which tout the quality of their products and services—without the written or oral permission of" WEB. (Compl. ¶ 41.) As such, WEB asserts, Family Fun and Sparkle "have violated applicable federal law regarding patent, trademark, or copyright infringement and are entitled to applicable damages." (*Id.* ¶ 42.) Importantly, however, WEB does not allege that it owns any patent, trademark, or copyright in the pool or its image. Thus, it appears that Count Eight lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Before dismissing this claim, however, I am required to give the plaintiff notice and an opportunity to be heard. *Wyatt v. City of Boston*, 35 F.3d 13, 13-15 (1st Cir. 1994); *Saifillah v. Johnson*, 948 F.2d 1282 (4th Cir. November 20, 1991) (unpublished table decision). The court therefore invites the plaintiffs to respond. The plaintiffs have until January 25, 2010, to submit a brief in support of Count Eight. Defendants Sparkle and Family Fun will have seven days from the filing of the plaintiff's brief to file a response.

## IV.  Conclusion

Scottsdale's Motion to Dismiss [Docket 4] is **GRANTED**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:	January 11, 2010

_____
Joseph R. Goodwin, Chief Judge