**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

WEB MANAGEMENT, INC.,

          Plaintiff,

v.                                      CIVIL ACTION NO. 6:09-cv-01285

SPARKLE POOL COMPANY, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

On January 11, 2010, the court entered an order notifying the plaintiff, WEB Management, Inc. ("WEB"), that the court was considering *sua sponte* dismissing Count Eight of the Complaint. By that order, WEB had until January 25, 2010, to file a response with the court. It declined to do so. As explained below, Count Eight is **DISMISSED**, and this case is **REMANDED** to the Circuit Court of Wood County, West Virginia.

The facts of this case were outlined in my January 11, 2010 Order. As I explained in the Order, Count Eight is the sole basis for federal jurisdiction in this case. That Count asserts a claim for "violat[ion of] applicable federal law regarding patent, trademark, or copyright infringement," (Compl. ¶ 42). The court possessed original jurisdiction pursuant to 28 U.S.C. § 1338(a), which provides that federal courts have exclusive jurisdiction over cases "relating to patents, . . . copyrights and trademarks." The court possessed supplemental jurisdiction over the balance of WEB's (state law) claims pursuant to 28 U.S.C. § 1367.

**I.  Count Eight Must Be Dismissed**

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing the sufficiency of a complaint must "take the facts in the light most favorable to the plaintiff," but "need not accept legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (internal quotation marks omitted). Upon reviewing those facts, the court must determine whether the stated claims "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Furthermore, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano*, 521 F.3d at 302 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* at 555.

Count Eight alleges that defendants Family Fun Corporation and Sparkle Pool Company "used photographs of the pool . . . in advertising brochures and internet advertisements—which tout the quality of their products and services—without [WEB's] written or oral permission." (Compl. ¶ 41.) As such, WEB asserts, Family Fun and Sparkle "have violated applicable federal law regarding patent, trademark, or copyright infringement and are entitled to applicable damages." (*Id.* ¶ 42.) Importantly, however, WEB does not allege that it has a right to any patent, trademark, or copyright in the pool or the image of the pool. Such an allegation is, of course, a prerequisite to asserting a claim that one's rights under a patent, trademark, or copyright have been violated. Thus, Count Eight lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Count Eight is therefore **DISMISSED**.

**II. The Court Declines to Exercise Supplemental Jurisdiction**

As explained above, Count Eight was the only claim over which this court possessed original jurisdiction. Section 1367(c)(3) of Title 28 of the United States Code provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." Inherent in the court's statutory authorization in § 1367(c) to decline supplemental jurisdiction is the inherent power to remand. *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). There being no remaining claim in this case over which this court possesses original jurisdiction, the court declines to exercise supplemental jurisdiction and **REMANDS** this case to the Circuit Court of Wood County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 27, 2010

Joseph R. Goodwin, Chief Judge